STEPHAN M. VIDMAR (*pro hac vice*)
Email: svidmar@mstLAW.com
SHONA ZIMMERMAN-BURNETT (*pro hac vice*)
Email: slz@mstLAW.com
MILLER STRATVERT P.A.
P.O. Box 25687
Albuquerque, NM 87125
Telephone: (505) 842-1950
Facsimile: (505) 243-4408

Attorneys for Plaintiff Cheyenne Abeita

ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
CHUNG H. HAN (Cal. Bar No. 191757)
Assistant United States Attorney
Chung.Han@usdoj.gov
    Room 7516, Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2083
    Facsimile: (213) 894-7819

Attorneys for Defendants
United States of America and Roland Doepner

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEYENNE ABEITA, | Case No. EDCV 10-1169 VAP (DTBx) |
| Plaintiff, | [~~PROPOSED~~] **PROTECTIVE ORDER** |
| vs. | |
| UNITED STATES OF AMERICA; RON ROACH; and ROLAND DOEPNER, | The Honorable David T. Bristow |
| Defendants. | |

Pursuant to the stipulation submitted by plaintiff Cheyenne Abeita and defendants United States of America and Roland Doepner (collectively, the "parties"), and good cause having been shown, IT IS HEREBY ORDERED THAT:

1. The parties may use "Confidential" documents and records in conducting further discovery in this case.

2. The parties may use "Confidential" documents and records in all law and motion proceedings. Any documents marked as "Confidential," however, shall not be filed with the Court until after receiving Court approval that the documents may be filed under seal. The parties are to abide by Civil Local Rule 79-5.1, that, if any papers to be filed with the Court contain information that has been designated as "Confidential," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information (if such portion is segregable) under seal; and that the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall file a redacted version of the motion and supporting papers.

3. Whenever counsel believes that formal or informal discovery in this case, in whatever form, may reveal or has revealed information that may be within the scope of the provisions of the Privacy Act, counsel shall, in writing, inform opposing counsel by designating the information as subject to the Protective order by stamping or printing "Confidential" on the front page or face of the document or interpose that phrase prior to a discovery response. Counsel shall take all steps reasonably necessary to safeguard the confidentiality of all documents, records, and information marked as "Confidential." The documents, records, and information marked as "Confidential" are to be used solely pursuant to the terms of the Protective Order and are to be used solely for the purpose of this litigation and may not be disclosed, in any manner whatsoever, to anyone for any other purpose.

STIPULATED PROTECTIVE ORDER - 1

4. If a party wishes to disclose records, documents or information protected by this stipulation to persons requested to furnish expert or litigation services other than their counsel, the Court, or court personnel, such person(s) shall execute a written declaration substantially in the form of Exhibit A attached hereto.

5. Nothing herein shall prohibit the parties or counsel from disclosing a document or its contents which constitute or contains information protected under the Protective Order to the person the document identifies as an author or addressee of such document.

6. Nothing herein shall be construed as precluding the parties from introducing materials that are subject to the Protective Order, or the contents thereof, into evidence at any trial or court proceeding of this case.  However, in the event that any material subject to the Protective Order is used in any trial or court proceeding of this case, it shall not lose its status through such use, and the parties shall take all steps reasonably necessary to protect its confidentiality, including application to the Court to place "Confidential" exhibits under seal and/or to close the courtroom should "Confidential" materials be used.

7. Upon conclusion of this action (including any appellate proceedings), all copies of documents, records or information protected by the Protective Order (except copies of documents accepted into evidence) made pursuant to the terms of this Order shall be returned to opposing counsel or destroyed by receiving counsel within sixty (60) days.

8. This Protective Order does not constitute a ruling upon any objection to the production of documents, records or information other than an objection based on the Privacy Act of 1974, 5 U.S.C. § 552a.  Nothing in this Protective Order shall be construed to preclude the parties from asserting any applicable

privilege, or to preclude the parties from declining to produce materials or portions of materials where the parties deem it appropriate.

    IT IS SO ORDERED.

Dated: February 24, 2011

_____
THE HONORABLE DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT "A"

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], hereby acknowledge that I have read and understand the Protective Order entered on _____, 2011, in *Cheyenne Abeita v. United States of America; Ron Roach; and Roland Doepner* in the United States District Court for the Central District of California.

I agree to comply with and be bound by the terms and conditions of the Protective Order, and I understand that failure to comply could result in sanctions and punishment in the nature of contempt. I hereby declare that I will not disclose, in any manner, any information or item that is subject to the Protective Order to any person or entity except in strict compliance with the terms and provisions of the Protective Order. I acknowledge that my duties under the Protective Order shall survive the termination of this case and are permanently binding on me.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____